1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| POLAVAA N. | Case No.  19-cv-06366-JSC |
| Plaintiff, | |
| | **ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| ANDREW M. SAUL, | Re: Dkt. No. 28 |
| Defendant. | |

15        Plaintiff seeks social security benefits for a variety of physical and mental impairments

16   including congestive heart failure, diabetes, diabetic neuropathy, morbid obesity, lumbar

17   radiculopathy, sprains and strains, hypertension, depression disorder, and anxiety disorder.

18   (Administrative Record (AR) 1335.)  Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff

19   filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security

20   ("Commissioner") denying her benefits claim. Now before the Court are Plaintiff's and

21   Defendant's motions for summary judgment.[1] (Dkt. Nos. 28, 29.) After careful consideration of

22   the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ.

23   L.R. 7-1(b), and GRANTS Plaintiff's motion in part, DENIES Defendant's cross-motion, and

24   REMANDS for further proceedings.  The ALJ's weighing of the medical evidence and findings

25   regarding Plaintiff's subjective pain testimony and the disability onset date are not supported by

26   substantial evidence.

27   _____

28   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 11.)

*United States District Court*
*Northern District of California*

# BACKGROUND

## A. Procedural History

Plaintiff filed an application for disability benefits under Title XVI of the Social Security Act (the "Act") on March 31, 2013, alleging a disability onset of January 1, 2012. (AR 20, 87.) Her applications were denied both initially and upon reconsideration. (AR 115-21.)  Plaintiff then submitted a written request for a hearing before an Administrative Law Judge ("ALJ") and her hearing was held before Judge Mary Parnow (the "prior ALJ") on February 6, 2016 and May 19, 2016. (AR 20.)  On July 13, 2016, the ALJ issued a decision finding Plaintiff was not disabled. (AR 20-31.)

Plaintiff filed a request for review which the Appeals Council denied.  (AR 1.)  Plaintiff then sought review in this court.  On April 6, 2018, Judge Maria-Elena James granted Plaintiff's motion for summary judgment in part, denied Defendant's motion for summary judgment, and remanded for further proceedings so that the ALJ could

> (1) reevaluate the weight she gave to Dr. Wiebe's opinion and Ms. Noa's declaration, and provide the necessary reasoning for doing so; (2) develop the record regarding the impact of Plaintiff's medication regimen for her diabetes on her ability to work and, if necessary, develop the record regarding Plaintiff's depression, anxiety and other affective disorders, which her treaters first diagnosed in February 2014; (3) evaluate whether Plaintiff meets or equals Listing 1.04, taking into consideration the impact of all her severe impairments; and (4) if necessary, obtain further testimony from a VE to determine whether Plaintiff is capable of performing work that is available in significant numbers if the ALJ determines she incorrectly rejected opinions and/or the expanded record warrants it.

*Noa v. Berryhill*, No. 17-CV-05147-MEJ, 2018 WL 1696819, at *11 (N.D. Cal. Apr. 6, 2018). (AR 1937-54.)

Prior to remand from this court, Plaintiff filed a new application for Title XVI benefits. (AR 2036.)  The Appeals Council consolidated the remanded case with this new application.  (AR 1972.)  On November 1, 2019, ALJ Kevin Gill held a hearing on Plaintiff's consolidated applications.  (AR 1859.)  The ALJ thereafter issued a partially favorable decision finding Plaintiff disabled as of November 1, 2017.  (AR 1829-58.)  Plaintiff initially sought review before the Appeals Council, but then elected to allow the ALJ's decision to become the final decision and

1  commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  (AR

2  1821-22.)

3  **B. Issues for Review**

4  1. Did the ALJ err in evaluating the medical opinion evidence?

5  2. Is the ALJ's disability onset date supported by substantial evidence?

6  3. Are the ALJ's medical equivalence findings supported by substantial evidence?

7  4. Did the ALJ err in evaluating Plaintiff's credibility?

8  5. Is the ALJ's RFC finding based on substantial evidence?

9  6. Should the Court remand for payments of benefits or further proceedings?

10  **LEGAL STANDARD**

11  A claimant is considered "disabled" under the Social Security Act if he meets two

12  requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

13  First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by

14  reason of any medically determinable physical or mental impairment which can be expected to

15  result in death or which has lasted or can be expected to last for a continuous period of not less

16  than 12 months." 42 U.S.C § 423(d)(1)(A). Second, the impairment or impairments must be

17  severe enough that he is unable to do his previous work and cannot, based on his age, education,

18  and work experience "engage in any other kind of substantial gainful work which exists in the

19  national economy." 42 U.S.C. § 423(d)(2)(A). To determine whether a claimant is disabled, an

20  ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is

21  engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically

22  determinable physical or mental impairment" or combination of impairments that has lasted for

23  more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the

24  regulations; (4) whether, given the claimant's "residual function capacity," ("RFC") the claimant

25  can still do her "past relevant work" and (5) whether the claimant "can make an adjustment to

26  other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); see also 20 C.R.F. §§

27  404.1520(a), 416.920(a).

28  An ALJ's "decision to deny benefits will only be disturbed if it is not supported by

United States District Court
Northern District of California

substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* In other words, if the record "can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). However, "a decision supported by substantial evidence will still be set aside if the ALJ does not apply proper legal standards." *Id.*

# DISCUSSION

## I. The ALJ's Evaluation of Medical Evidence

In the Ninth Circuit, courts must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (as amended (Apr. 9, 1996)). A treating physician's opinion is entitled to more weight than that of an examining physician, and an examining physician's opinion is entitled to more weight than that of a non-examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record," and the ALJ "must provide 'clear and convincing' reasons for rejecting an uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830-31.

Plaintiff challenges the ALJ's decision to give partial weight to the opinion of examining psychologist Dr. Katherine Wiebe and no weight to the opinion of Dr. Paul Martin. Dr. Wiebe examined Plaintiff October 30, 2015 and Dr. Martin examined her March 27, 2018. Both psychologists diagnosed Plaintiff with severe depression and anxiety order. (AR 1658, 2135.)

### A. Examining Psychologist Dr. Wiebe

The ALJ assigned partial weight to Dr. Wiebe's opinion. While the ALJ credited Dr.

Wiebe's opinions regarding Plaintiff's mild limitations, the ALJ found that Dr. Wiebe's opinion that Plaintiff had moderate to marked limitation in the area of responding appropriately to changes in a routine work setting and marked limitation in the ability to complete a normal workday or workweek without interruptions from psychological based symptoms was not supported by Dr. Wiebe's examination findings or the record as a whole "including the lack of any mental health treatment of record or psychiatric hospitalizations." (AR 1843.) In reaching this conclusion, the ALJ noted:

> In her examination, she noted only a restricted affect, worries about conflicted relations with family members, the claimant did not know the season, 'some impairments' in reasoning, insight, and judgment associated with her psychiatric problems, and mild to moderate impairment in memory functioning [] The rest of her testing results and examination findings are largely normal, and she noted that claimant was cooperative and responsive during the assessment and her effort of testing tasks was good.

*Id.*

Plaintiff's argument is essentially that the ALJ improperly cherry-picked the portions of Dr. Wiebe's report which supported his conclusion while ignoring the portions of the opinion that did not. In particular, Plaintiff identifies the following examples from Dr. Wiebe's opinion which were not discussed by the ALJ: Plaintiff's reported passive suicidal ideation, that she evidenced depressive fatigue, her immediate memory score was very low, her Beck Depression Inventory indicated severe depression, her Beck Anxiety Inventory indicated severe anxiety, and her MCMI-III profile suggests she has Major Depressive and Adjustment Disorder and that she was experiencing a severe mental disorder. (Dkt. No. 28 at 11-12 (citing AR 1652-57).) The Commissioner counters that Plaintiff's argument ignores that many of Dr. Wiebe's findings including the RBANS did not support moderate or marked limitations and argues that substantial evidence supports the ALJ's findings.

But "[t]o reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it

by providing specific and legitimate reasons that are supported by substantial evidence." *Id*.

Neither the ALJ nor the Commissioner argue that Dr. Wiebe's findings were contradicted by

another doctor's opinion.  As such, the ALJ had to offer clear and convincing reasons supported

by substantial evidence—not simply substantial evidence as the Commissioner suggests—for

rejecting Dr. Wiebe's opinion regarding Plaintiff's moderate and marked limitations.   That is, the

ALJ could not simply ignore evidence that supported Dr. Wiebe's opinion, and instead, had to

offer clear and convincing reasons for rejecting the evidence.  *See Bayliss v. Barnhart*, 427 F.3d

1211, 1216 (9th Cir. 2005).

The Commissioner's other argument—that Dr. Wiebe's findings supported mild

limitations in certain areas—is no more availing.  The Commissioner's argument, as the ALJ's

opinion, ignores the evidence which supports the moderate and marked findings.  Plaintiff does

not dispute Dr. Wiebe's finding that based on testing, she does not have cognitive limitations in

the areas of attention and concentration or executive functioning.  However, Dr. Wiebe found that

Plaintiff had significant limitations in the area of emotional functioning which led Dr. Wiebe to

conclude that "[h]er psychiatric and personality disorder problems including anxiety, depression,

fatigue, social withdrawal and low self-esteem could affect her ability to relate to and

communicate effectively with others, including supervisors, coworkers, and the public, and to

adhere to the demands of a regular work schedule."  (AR 1658.)  The ALJ offers no reasons—let

alone clear and convincing reasons supported by substantial evidence—for failing to consider

these findings by Dr. Wiebe as a basis for her opinion that Plaintiff would have moderate to

marked limitation in the area of responding appropriately to changes in a routine work setting and

marked limitation in the ability to complete a normal workday or workweek without interruptions

from psychological based symptoms.  *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir.

2001) (concluding that the ALJ's basis for rejecting the treating physician's medical opinion was

not supported by substantial evidence because the ALJ "selectively relied on some entries ... and

ignored the many others that indicated continued, severe impairment"); *Williams v. Colvin*, No.

ED CV 14-2146-PLA, 2015 WL 4507174, at *6 (C.D. Cal. July 23, 2015) ("An ALJ may not

cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider

United States District Court
Northern District of California

6

1    the evidence as a whole in making a reasoned disability determination.").

2          Further, to the extent that the ALJ relied on Plaintiff's lack of mental health treatment as a

3    basis for assigning partial weight to Dr. Wiebe's opinion, this too was in error.  The prior ALJ

4    relied on the same argument when assigning little weight to Dr. Wiebe's opinion and in the

5    remand order the district court noted:

> Plaintiff's lack of treatment for depression does not provide a specific
> and legitimate reason to reject Dr. Wiebe's diagnoses nor her
> assessment of Plaintiff's mental health impairments on her ability to
> perform work-related tasks. *See Nguyen* [v. *Chater*, 100 F.3d 1462,
> 1465 (9th Cir. 1996)] ("It is a questionable practice to chastise one
> with a mental impairment for the exercise of poor judgment in seeking
> rehabilitation."); *see also Regennitter v. Comm'r of the Soc. Sec.
> Admin.*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999) ("A claimant may
> not be faulted for failing to seek treatment, particularly where the
> claimant suffers from mental illness.").

*Noa v. Berryhill*, No. 17-CV-05147-MEJ, 2018 WL 1696819, at *5 (N.D. Cal. Apr. 6, 2018).  This

12   remains equally true now.  The ALJ cannot simply rely on Plaintiff's failure to obtain mental

13   health treatment.  *See Nguyen*, 100 F.3d at 1465 ("the fact that claimant may be one of millions of

14   people who did not seek treatment for a mental disorder until late in the day is not a substantial

15   basis on which to conclude that [the doctor's] assessment of claimant's condition is inaccurate.").

16         Finally, while the ALJ noted that Dr. Wiebe's moderate and marked limitations were not

17   supported "by the record as a whole" the ALJ did not identify any evidence in the record which

18   contradicted Dr. Wiebe's findings regarding Plaintiff's severe depression and anxiety and the

19   extent to which these would affect Plaintiff's ability to complete the workday or respond to

20   changes in the workplace setting.  (AR 1843.)

21         Accordingly, the ALJ failed to offer clear and convincing reasons supported by substantial

22   evidence for assigning partial weight to Dr. Wiebe's opinion.

23        **B. Examining Psychologist Dr. Martin**

24         Plaintiff challenges the ALJ's failure to assign any weight to the opinion of Dr. Martin.

25   Although the ALJ noted Dr. Martin's opinion that Plaintiff had "major depressive disorder,

26   recurrent, severe without psychotic features" when summarizing the medical evidence, he did not

27   discuss Dr. Martin in his portion of the opinion weighing the medical evidence.  (AR 1842.)

28

United States District Court
Northern District of California

1   Plaintiff argues that this was error and that Dr. Martin provides "material opinion evidence that

2   serves as a bookend and exclamation point for the prior diagnoses of depression in the medical

3   evidence of record" and gives credence to the limitations proposed by Dr. Wiebe.  (Dkt. No. 28 at

4   10:25-28.)

5           The Commissioner argues that the ALJ did not need to give any weight to Dr. Martin's

6   opinion because it post-dated the disability onset date.  The ALJ, however, did not say that this

7   was why he was not assigning any weight to Dr. Martin's opinion or weighing it with the other

8   opinion evidence.  "Long-standing principles of administrative law require [this court] to review

9   the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc

10  rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v.*

11  *Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citation omitted); *Connett v.*

12  *Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (noting a reviewing court is "constrained to review

13  the reasons the ALJ asserts").  For this same reason, the Court cannot consider the

14  Commissioner's argument that Dr. Martin's opinion was "not directly relevant to the nondisability

15  part of the decision."  (Dkt. No. 29 at 11:11-12.)  The ALJ offered no such explanation.

16          Further, the Commissioner cites no regulation or case which holds that an ALJ need not

17  consider an opinion which postdates the date the ALJ selects as the disability onset date.  The

18  Commissioner's reliance on the dicta from *Watkins v. Astrue*, 357 F. App'x 784, 786 (9th Cir.

19  2009), where the Ninth Circuit in an unpublished decision offered another reason why the ALJ's

20  decision to reject a doctor's opinion was supported by specific and legitimate reasons supported

21  by substantial evidence is unavailing.[2]  This Court is bound by *Bray* and *Connett's* prohibition on

22  considering reasons other than those articulated by the ALJ.

23          Accordingly, the ALJ erred as a matter of law in failing to discuss Dr. Martin's opinion

24  when weighing the medical evidence or assign it any weight.  *See Hill v. Astrue*, 698 F.3d 1153,

25  1160 (9th Cir. 2012) (citing 20 C.F.R. § 404.1527(c) (requiring the evaluation of "every medical

26

27  [2] This is equally true with respect to the Commissioner's reliance on the Ninth Circuit's statement
    that "[a]fter-the-fact psychiatric diagnoses are notoriously unreliable" in *Vincent on Behalf of*
28  *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).  No such explanation was offered by the
    ALJ here.

1   opinion" received)).

2   **II. The ALJ's Disability Onset Determination**

3        Although Plaintiff alleged a disability onset date of January 1, 2012, the ALJ found that

4   "beginning in November 2017, the claimant's congestive heart failure and use of an oxygen tank

5   multiple times per day, in combination with her morbid obesity, has limited the claimant to more

6   restrictive work and more time off task than before November 2017."  (AR 1846.)  Elsewhere, the

7   ALJ noted that "[d]espite the claimant's musculoskeletal impairments, neuropathy, obesity, and

8   experience of pain, the undersigned finds that, prior to November 1, 2017, the claimant retained

9   the capacity for light exertional work with some additional postural limitations." (AR 1841.)

10  Plaintiff argues that the disability onset date was arbitrary and unsupported by substantial evidence

11  because (1) the ALJ did not give controlling weight to any of the medical opinion evidence such

12  that it is unclear what the ALJ based his determination on; (2) the ALJ did not mention or address

13  Plaintiff's severe mental impairments in the context of the November 1, 2017 onset date; and (3)

14  the ALJ failed to consider Plaintiff's history of cancer, major abdominal surgery in 2012, and

15  combination of impairments.  Plaintiff insists that the ALJ should have called a medical expert to

16  testify as to the disability onset date in this case.

17       Under the rules in place at the time of the ALJ's decision here, the ALJ had discretion to

18  appoint a medical expert to assist him in determining the established onset date.  *See* SSR 18-01p,

19  at § I.B.2 ("The decision to call on the services of an ME is always at the ALJ's discretion. Neither

20  the claimant nor his or her representative can require an ALJ to call on the services of an ME to

21  assist in inferring the date that the claimant first met the statutory definition of disability.").  SSR

22  18-01p replaced SSR 83-20 which required an ALJ to call a medical expert when the disability

23  onset date was ambiguous. *See Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017) ("Relying

24  on SSR 83-20, we have held that where a record is lacking and ambiguous as to the onset date of

25  disability, the ALJ must call a medical expert to assist in determining the onset date.") (internal

26  citation and quotation marks omitted).

27       While the ALJ was not required to call a medical expert, he was required to support his

28  finding regarding Plaintiff's disability onset date with substantial evidence.  *See Swanson v. Sec'y*

United States District Court
Northern District of California

9

1    *of Health and Human Servs*., 763 F.2d 1061, 1065 (9th Cir. 1985).  The ALJ did not do so.  In

2    particular, the ALJ erred in failing to discuss any of the medical opinion evidence regarding

3    Plaintiff's mental health conditions or her major abdominal surgery.   Plaintiff's initial disability

4    benefits application alleged disability-based Type 1 Diabetes, Sleep Apnea, and Uterus Cancer

5    Surgery.  (AR 88.)  In her application she noted that "ever since claimant had surgery she has been

6    limited in what she can do.  She can't stand for long periods."  (AR 88, 265.)  Despite this, the

7    ALJ did not address Plaintiff's abdominal surgery when determining the disability onset date;

8    rather, he relied on her chronic heart failure—which was not even a basis for her first application.

9    While Plaintiff's second application alleged disability based on depression (and other bases), the

10   ALJ did not address whether her mental health impacted the disability onset date, and in fact, as

11   discussed above, the ALJ erred in failing to consider evidence regarding her depression and

12   anxiety in Dr. Wiebe's 2015 report.  (AR 1975.) The ALJ's failure to consider the cumulative

13   medical evidence regarding Plaintiff's disabilities for purposes of her disability onset date is

14   particularly troubling given that the district court ordered the ALJ on remand to "develop the

15   record regarding the impact of Plaintiff's medication regimen for her diabetes on her ability to

16   work and, if necessary, develop the record regarding Plaintiff's depression, anxiety and other

17   affective disorders, which her treaters first diagnosed in February 2014."  *Noa*, 2018 WL 1696819,

18   at *11.

19           Accordingly, the ALJ's determination of the disability onset date is not supported by

20   substantial evidence.

21   **III.  The ALJ's Medical Equivalence Determination**

22           At step three of the sequential evaluation process, the ALJ must evaluate the claimant's

23   impairments to determine whether they meet or medically equal any of the impairments listed in

24   20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R §§ 404.1520(d), 416.920(d); *Tackett v.*

25   *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "If a claimant has an impairment or combination of

26   impairments that meets or equals a condition outlined in the 'Listing of Impairments,' then the

27   claimant is presumed disabled at step three, and the ALJ need not make any specific finding as to

28   his or her ability to perform past relevant work or any other jobs." *Lewis v. Apfel*, 236 F.3d 503,

United States District Court
Northern District of California

1    512 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(d)). Plaintiff bears the burden of proving that she

2    satisfied the listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

3         Plaintiff maintains that the ALJ erred in evaluating the medical equivalence—also known

4    as the listings—because the ALJ failed to properly consider (1) Plaintiff's musculoskeletal

5    impairments under listing 1.04; (2) Plaintiff's depression under listing 12.04, and (3) the combined

6    effects of Plaintiff's impairments.

7         First, with respect to listing 1.04, the Commissioner contends that the ALJ did consider the

8    listing and found that Plaintiff did not meet the requirements.  True, but the ALJ did not discuss

9    the medical evidence and instead stated that Plaintiff did not meet the listing "because the record,

10   as described in more detail below, does not demonstrate the specified criteria…"  (AR 1835.)   "A

11   bare statement that [Plaintiff] does not meet a listing, without appropriate evaluation or discussion

12   of the medical evidence, is insufficient to conclude that [Plaintiff's] impairment does not meet or

13   medically equal a listed condition." *Laborin v. Berryhill*, 692 Fed. Appx. 959, 962 (9th Cir. 2017).

14   Rather, "the ALJ must explain adequately his evaluation of alternative tests and the combined

15   effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  To the extent

16   that the Commissioner points to evidence elsewhere in the ALJ's decision which supports his

17   finding regarding listing 1.04 this is not sufficient.  Plaintiff's pre-hearing brief summarized the

18   medical evidence which she contended met this listing (AR 2120); under these circumstances, the

19   ALJ was required to discuss the evidence.  *Hau v. Saul*, No. 19CV230 JM(RNB), 2020 WL

20   1429845, at *6 (S.D. Cal. Mar. 24, 2020) ("When a claimant presents evidence pertaining to the

21   substantiation of their conditions equaling a listed impairment, it is insufficient for the ALJ to

22   merely conclude that the evidence does not equal a listed impairment; the ALJ must consider and

23   comment on that evidence.") (*citing* Marcia, 900 F.2d at 176).  That the ALJ cited to much of this

24   evidence elsewhere in his opinion does not suffice where he did not evaluate whether that

25   evidence satisfies the listing.

26        Second, as to listing 12.04 for depressive, bipolar, and related disorders, given the Court's

27   conclusion above that the ALJ erred with respect to his weighing of the psychological medical

28   evidence—which includes medical evidence diagnosing Plaintiff with depression and anxiety—

United States District Court
Northern District of California

11

1    the Court declines to consider Plaintiff's argument with respect to listing 12.04 and instead, on

2    remand, directs the ALJ to consider whether these impairments are severe or meet or equal a

3    listing as appropriate when he reweighs the medical evidence.

4        Finally, as to whether the ALJ erred in failing to consider the combined effects of

5    Plaintiff's impairments, the Commissioner maintains that Plaintiff has not explained which

6    impairments the ALJ erred in failing to consider in combination.  Plaintiff counters that she cannot

7    "critique a non-existent analysis," but Plaintiff bears the burden of demonstrating that her

8    combined impairments meet or equal a listing.  (Dkt. No. 35 at 15:27.)  *See Lewis v. Apfel*, 236

9    F.3d 503, 514 (9th Cir. 2001) ("Unlike the claimants in *Lester* and *Marcia*, however, Lewis has

10   offered no theory, plausible or otherwise, as to how his seizure disorder and mental retardation

11   combined to equal a listed impairment. Nor has he pointed to evidence that shows that his

12   combined impairments equal a listed impairment.).  Plaintiff's pre-hearing brief argued that she

13   met listing 1.04 and listing 12.04 but did not argue that these impairments or other impairments

14   combined met another listing.  (AR 2120-22.)  Accordingly, Plaintiff has not shown that that the

15   ALJ erred in failing to consider whether Plaintiff's combined impairments met or equaled a

16   listing.

17   **IV.  The ALJ's Credibility Determination**

18       The Ninth Circuit has "established a two-step analysis for determining the extent to which

19   a claimant's symptom testimony must be credited." *Trevizo*, 871 F.3d at 678. "First, the ALJ must

20   determine whether the claimant has presented objective medical evidence of an underlying

21   impairment which could reasonably be expected to produce the pain or other symptoms alleged."

22   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation

23   omitted). "Second, if the claimant meets the first test, and there is no evidence of malingering, the

24   ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

25   specific, clear and convincing reasons for doing so." *Id.* (internal quotation marks and citation

26   omitted). If the ALJ's assessment "is supported by substantial evidence in the record, [courts] may

27   not engage in second-guessing." *See Thomas*, 278 F.3d at 959.

28       Here, applying the two-step analysis, the ALJ first determined that Plaintiff's "medically

United States District Court
Northern District of California

12

1    determinable impairments could reasonably be expected to cause the alleged symptoms." (AR

2    1840.) Because Plaintiff met the first part of the test, the ALJ was required to provide "specific,

3    clear and convincing reasons" for rejecting Plaintiff's testimony regarding the severity of her

4    symptoms, or else find evidence of malingering. *Lingenfelter*, 504 F.3d at 1036. The ALJ found

5    no evidence of malingering but found that the evidence did not support Plaintiff's alleged loss of

6    functioning because her allegations were "not fully supported prior to November 1, 2017, for the

7    reasons explained in this decision."  (AR 1840.)

8         The ALJ's boilerplate finding is not a clear and convincing reason supported by substantial

9    evidence for rejecting Plaintiff's subjective allegations regarding his functional capacity. *See*

10   *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's vague

11   allegation that a claimant's testimony is not consistent with the objective medical evidence,

12   without any specific findings in support of that conclusion is insufficient for our review.")

13   (internal quotations omitted). "To discredit a claimant's symptom testimony when the claimant

14   has provided objective medical evidence of the impairments which might reasonably produce the

15   symptoms or pain alleged and there is no evidence of malingering, the ALJ must give 'specific,

16   clear, and convincing reasons for rejecting' the testimony by identifying 'which testimony [the

17   ALJ] found not credible' and explaining 'which evidence contradicted that testimony.'" *Laborin v.*

18   *Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (quoting *Brown–Hunter v. Colvin*, 806 F.3d 487,

19   489, 494 (9th Cir. 2015)).

20        Here, the ALJ did not give *any* reasons, and instead, discussed the medical evidence at

21   length, but did not tie that evidence to *any* particular portions of Plaintiff's testimony that he found

22   credible with respect to her allegations of pain after November 2017, but not before. This error is

23   particularly troubling given the Court's finding above that the ALJ failed to provide substantial

24   evidence supporting either the disability onset date or his decision to accord limited weight to the

25   medical opinion evidence supporting Plaintiff's alleged mental impairments.

26        Accordingly, the ALJ failed to provide specific, clear and convincing reasons supported by

27   substantial evidence for discounting Plaintiff's subjective testimony regarding her pain and

28   functional limitations before 2017.

United States District Court
Northern District of California

13

***

Because the ALJ's consideration of the medical evidence, subjective pain testimony, and disability onset date are not supported by substantial evidence, the ALJ's decision cannot stand. Given this, the Court need not consider Plaintiff's additional arguments regarding the RFC finding. The ALJ's errors here go to the heart of the disability determination and are not harmless. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) ("An error is harmless if it is inconsequential to the ultimate nondisability determination, or if the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.") (internal quotation marks and citations omitted); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

## V. Remand for Benefits or Further Proceedings

Plaintiff asks the Court to remand the case for the payment of benefits or, alternatively, for further proceedings. When courts reverse an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). A remand for an award of benefits is proper, however, "where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (internal quotation marks and citation omitted).

The first prong of the test is not satisfied here because the record has not been fully developed. Plaintiff's argument to the contrary ignores the issue of the disability onset date and instead focuses on Plaintiff's arguments of error with respect to the listing determination and the weighing of the medical evidence. However, even if the Court credited the medical evidence as true, it would not establish Plaintiff's disability onset date. Accordingly, the record must be fully

14

developed.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for summary judgment in part, DENIES the Commissioner's cross motion, and remand for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated:  March 24, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge